IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 3, 2025

## TERRY LEE v. JOHNATHAN RICHARDSON, ET AL.

**Appeal from the Circuit Court for Williamson County**
**No. 24CV-368      Joseph A. Woodruff, Judge**

_____

### No. M2024-01130-COA-R3-CV

_____

This appeal arises from a legal malpractice action filed by Terry J. Lee ("Plaintiff") on July 11, 2024, against several attorneys who represented him at various times and in different aspects of his defense of a multi-count indictment and the appeal of his 2020 conviction on all counts, including kidnapping. Plaintiff asserted a cause of action for legal malpractice against the defendants, claiming that they "failed to investigate plaintiff's [criminal] case to know that the court [Williamson County Criminal Court] did not have territorial jurisdiction to prosecute him on the kidnapping charge." Plaintiff was convicted in 2020 and the Court of Criminal Appeals affirmed his conviction on all grounds effective January 26, 2023, when mandate issued. *See State v. Lee*, No. M2021-01084-CCA-R3-CD, 2022 WL 16843485 (Tenn. Crim. App. Nov. 10, 2022). After noting that the statute of limitations for legal malpractice claims, codified in Tennessee Code Annotated § 28-3-104(c)(1), requires that the action be filed "within one (1) year after the cause of action accrued," and that the claims accrued more than one year prior to the commencement of this action, the trial court dismissed the complaint as time barred. Plaintiff contends that this was error. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the court, in which KENNY ARMSTRONG and KRISTI M. DAVIS, JJ., joined.

Terry J. Lee, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter, Matt Rice, Solicitor General, and Peako Jenkins, Assistant Attorney General Attorney, for the appellee, Kelly Charland.

Dana C. McLendon III, Franklin, Tennessee, Pro Se.[1]

_____

[1] Although the record is very modest, it appears that the defendants who have not made an appearance in this court were never served with process in the trial court.

# OPINION

The record before us is very modest because the complaint was dismissed based on the facts set forth in the complaint and those for which the trial court took judicial notice.[2] In pertinent part, the complaint states:

> 1. On August 13, 2018, the Williamson County grand jury returned a seven count (7) indictment against the Plaintiff.
> 2. These seven counts stem from a traffic stop of the Plaintiff and his girlfriend on May 1, 2018.
> 3. Among the seven counts in Plaintiffs indictment was a charge of Aggravated Kidnapping against the Plaintiffs girlfriend who was in the car with Plaintiff.
> 4. When Plaintiff and his girlfriend were stopped, three bags of marijuana was found in Plaintiffs girlfriend's purse and she was arrested as well for Simple Possession, and when she was arrested her alcohol level was 0.10.0.
> 5. After she told the police that [Plaintiff] kidnapped her from Georgia her simple possession charges were dropped and she was never charged with [public intoxication]. And Plaintiff was charged with the Aggravated Kidnapping charge.
> 6. Plaintiff was then prosecuted on the Aggravated Kidnapping charge among other traffic offenses on October 5, 2020.

The complaint then set forth specific claims against the various defendants. In pertinent part, the complaint states that some of the defendants "at [Plaintiff's] preliminary hearing failed to investigate plaintiffs case to know that the court did not have territorial jurisdiction to prosecute him on the kidnapping charge," while other defendants, who were his trial lawyers, "failed to investigate for the same jurisdictional reasons," and that another lawyer, "who was Plaintiff's motion for new trial lawyer failed to investigate for the same jurisdictional reasons."

In its memorandum and order dismissing this action as time barred, the trial court noted, in pertinent part:

> The Defendants all, at one point or another, represented Mr. Lee in the Williamson County criminal proceedings under case number I-CR180523-A. [footnote 1][3] In his complaint, Mr. Lee asserts a cause of action for legal

---

[2] As stated in the trial court's memorandum and order: "The dates relevant to this Court's analysis regarding the applicable statute of limitations are well-documented in both the trial and appellate court and are subject to judicial notice. See Tenn. R. Evid. 201(b)."

malpractice against all Defendants, averring that they "failed to investigate plaintiff's [criminal] case to know that the court did not have territorial jurisdiction to prosecute him on the kidnapping charge."

.    .    .

The dates relevant to this Court's analysis regarding the applicable statute of limitations are well-documented in both the trial and appellate court and are subject to judicial notice. *See* Tenn. R. Evid. 201(b).

.    .    .

As stated *supra*, the Court of Criminal Appeals rejected Mr. Lee's jurisdictional argument and affirmed his conviction on appeal on November 10, 2022 [for which mandate issued on January 26, 2023]. Mr. Lee did not appeal that decision. Mr. Lee repeatedly raised this argument in both the trial court and the appellate court, so the cause of action likely accrued at some point during the proceedings. Even affording Mr. Lee the most recent date in the appellate proceeding for the one-year statute of limitations to begin to run — that being January 26, 2023, when the Court of Criminal Appeals issued the mandate back to the trial court and sent the appellate record to the local archive — that would require Mr. Lee to have filed this complaint by no later than January 26, 2024. Mr. Lee submitted this complaint to the Williamson County Circuit Court Clerk's Office on June 28, 2024, approximately five months late, at the least. To state this Court's conclusion plainly, there is simply no theory by which Mr. Lee's complaint could be considered timely, as he filed it more than one year after the appellate proceedings concluded.

For these and other reasons set forth in the trial court's memorandum and order, the case was dismissed.

Plaintiff contends this was error. His argument depends entirely on the knowledge component of the discovery rule, specifically the element of constructive knowledge. As he states in his reply brief: "under the theory of constructive knowledge, the statue begins to run . . . whenever the plaintiff becomes aware or reasonably should have become aware

---

[3] The footnote reads:

The indictment in case number I-CRI 80523-A charged Mr. Lee with violation of the following criminal offenses: Aggravated Kidnapping, Domestic Assault, Simple Possession, Driving After Being Declared Habitual Motor Vehicle Offender, Violation of Financial Responsibility, Speeding, and Improper Use of Vehicle Registration. The State elected to nolle prosequi the offenses of Domestic Assault and Driving After Being Declared Habitual Motor Vehicle Offender. As discussed infra, Mr. Lee was found guilty of the remaining charged criminal offenses following a jury trial.

of the facts sufficient to put a reasonable person on notice that an injury has been sustained as a result of the defendant's negligent or wrongful conduct. *See Carvell*, 900 S.W. 3d. at 29." Although the following facts are not in the record, he explains in his brief how and when he obtained constructive knowledge of his attorneys' alleged malpractice.

> After [Plaintiff] was sentenced to 20 years[,] [o]n December 22, 2020, [Plaintiff] started studying the law and in June of 2024, after the exercise of reasonable diligence, [Plaintiff] learned that all said attorneys rendered him ineffective assistance of counsel by failing to investigate the fact that the Williamson county circuit court did not have the jurisdiction to try [Plaintiff] on the alleged charges from Georgia, and that the injuries from his unlawful convictions were sustained as a result of all said defendant's negligent and wrongful conduct, [Plaintiff] then filed an amended petition for post-conviction relief on June 18, 2024.

> We find his argument unpersuasive.

In legal malpractice cases, the discovery rule is composed of two distinct elements: (1) an actual injury because of the defendant's negligence; and (2) the plaintiff must have known, or should have known, that this injury was caused by the defendant's negligent conduct. *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998). As for the first element, "[a]n actual injury occurs when there is the loss of a legal right, remedy, or interest, or the imposition of a liability." *Id*. "An actual injury may also take the form of the plaintiff being forced to take some action or otherwise suffer 'some actual inconvenience,' such as incurring an expense, as a result of defendant's negligent or wrongful act." *Id*. (quoting *State v. McClellan*, 85 S.W. 267, 270 (1905)). The second component of the discovery rule may be established by evidence of actual knowledge of the injury. *Id*. However, a plaintiff's actual knowledge of the injury is not necessarily controlling. Under the theory of constructive knowledge, the statute may begin to run at an earlier date—when a reasonable person should have been on notice that defendant's negligence caused an injury. *Id*.

In the case at bar, as the decision of the Court of Criminal Appeals proves, the jurisdictional issue was presented to and addressed by his attorneys before the criminal trial court and the appellate court. *See Lee*, 2022 WL 16843485, at *7–8. Second, Plaintiff knew or should have known of his trial attorneys' alleged negligence when Plaintiff's territorial jurisdiction argument was rejected by the trial court in 2020, and addressed and rejected in the appellate court decision, which was made public on November 10, 2022, and for which mandate issued on January 26, 2023. Although Plaintiff possessed the requisite knowledge, he waited almost eighteen months after he lost his appeal before commencing this action on June 28, 2024.

Having considered the allegations in the context of the respective time frames, it is apparent, as noted by the trial court, that the malpractice claims pertain to alleged acts

and/or omissions by Plaintiff's lawyers that occurred prior to the decision handed down by the Court of Criminal Appeals. It is also readily apparent that Plaintiff knew or should have known of the alleged injury that he claims to have suffered when the Court of Criminal Appeals rejected his territorial jurisdictional argument and affirmed his kidnapping conviction.

The statute of limitations for legal malpractice claims requires that the action be commenced "within one (1) year after the cause of action accrued." *See* Tenn. Code Ann. § 28-3-104(c)(1). This legal malpractice action was not commenced until July of 2024, which was more than one year after the cause of action accrued. Thus, Plaintiff's claims are time barred.

For these reasons we affirm the decision of the trial court to dismiss the complaint as time barred.

## CONCLUSION

The judgment of the trial court is affirmed, and costs of appeal are assessed against the appellant, Terry J. Lee, for which execution may issue.

_____
FRANK G. CLEMENT JR., P.J., M.S.